IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| YOUNG RESOURCES LIMITED PARTNERSHIP, a Utah Limited Partnership; JOHN YOUNG, individually; and CHARLES YOUNG, individually,<br><br>Plaintiffs,<br><br>v.<br><br>PISGAH GRAZING LLC, an Arizona Limited Liability Company; LEO R. BEUS and ANNETTE BEUS, husband and wife; and MICHAEL K. SCHUGG, a married man, dealing with his sole and separate property,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 1:19-cv-00130-DB<br><br>District Judge Dee Benson |

Before the court is Plaintiffs' Motion to Determine Scope of Arbitration Provision and To Compel Compliance With Procedures For Selection of Arbitrator (Dkt. No. 7), and Defendants' Motion to Dismiss and Compel Arbitration. (Dkt. No. 14.) The motions have been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

BACKGROUND

This matter arises from a series of property disputes between the parties. On December 23, 2013, some of the parties in this action executed a Partition Agreement to partition approximately 4,023 acres of land into three separate parcels. (*See* Dkt. No. 7, Ex. 1.) The Partition Agreement outlines various legal rights and obligations of the parties, including the

conveyance of water rights for each respective parcel of land, and the granting of an easement and right to obtain water from one of the parcels. (*Id.* at 1–3.) The Partition Agreement also contains an arbitration provision requiring that "any and all disputes arising out of or concerning this Agreement" be resolved by arbitration "before a single arbitrator located in Maricopa County Arizona … mutually agreed to by the Parties in their reasonable discretion." (*Id.* at 5 ¶ 10(h).)

A dispute later arose between the parties regarding title to the water rights. To resolve this disagreement, the parties executed a subsequent contract on January 12, 2016, which clarified the amount of ownership of water rights in the relevant parcels of land. (Dkt. No. 7, Ex. 2.) This agreement, called the Agreement Regarding Water Rights, has a merger clause providing that it "contains the entire agreement between the parties relating to the subject matter referenced herein," and that "[a]ll prior negotiations between the parties are merged in this Agreement." (*Id.* at 3 ¶ 3(c).) The Agreement Regarding Water Rights contains no arbitration provision.

On May 6, 2019, Defendants filed a Demand for Arbitration against Plaintiffs alleging breach of Section 5 of the Partition Agreement, breach of Section 6 of the Partition Agreement, breach of the Partition Agreement's implied covenant of good faith and fair dealing, trespass, conversion, unjust enrichment, and false light due to Plaintiffs spreading false information that Defendants are untrustworthy and stole land from Plaintiffs.[1] (Dkt. No. 7, Ex. 3, ¶¶ 82–151.)

---

[1] In their Demand for Arbitration, Defendants also initially alleged breach of the Agreement Regarding Water Rights and breach of the Agreement Regarding Water Rights' implied covenant of good faith and fair dealing (Counts IV and V). However, these two causes of action have been voluntarily dismissed by Defendants and are not applicable to this court's decision. (*See* Dkt. No. 14 at 17 n.7.)

After filing the Demand for Arbitration, Defendants unilaterally selected Mark Goldman to serve as the parties' arbitrator. (*See* Dkt. No. 14, Ex. 5.)

On October 11, 2019, Plaintiffs filed their Complaint in the State of Utah. (Dkt. No. 6, Ex. 1.) The matter was removed to this court. On November 15, 2019, Plaintiffs filed their Motion to Determine Scope of Arbitration Provision and To Compel Compliance With Procedures for Selection of Arbitrator. (Dkt. No. 7.) Plaintiffs argue that the following claims in Defendants' Demand for Arbitration are not subject to arbitration: any claims related to water rights; any claims of false light and/or defamation; and any clams for lost profits. Plaintiffs further argue that, for those claims that are subject to arbitration, Defendants have impermissibly selected an arbitrator unilaterally, and Defendants must be ordered to confer with Plaintiffs to select an arbitrator mutually agreed to by the parties.[2] On November 20, 2019, Defendants filed their Motion to Dismiss and To Compel Arbitration. (Dkt. No. 14.)

## DISCUSSION

"[T]he first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *In re Cox Enterprises, Inc. Set-top Cable Television Box Antitrust Litig.*, 835 F.3d 1195, 1201 (10th Cir. 2016) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 626 (1985)). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *Steelworkers v. Warrior & Gulf Nav. Co.,* 363 U.S. 574, 582 (1960)).

---

[2] Plaintiffs also argued that Michael Schugg is not a permissible party to arbitration because he was not a party to the Partition Agreement. However, Michael Schugg has voluntarily dismissed his individual claims against Plaintiffs and is no longer a party to the arbitration, rendering this argument inapplicable to this court's decision. (*See* Dkt. No. 14 at 19.)

The Tenth Circuit has adopted a "liberal federal policy favoring arbitration." *P & P Indus., Inc. v. Sutter Corp.,* 179 F.3d 861, 866 (10th Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)). For this reason, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24–25. "If the allegations underlying the claims 'touch matters' covered by the parties' [contract], then those claims must be arbitrated, whatever the legal labels attached to them." *P & P Indus., Inc.,* 179 F.3d at 871. "[T]he strong presumption in favor of arbitrability 'applies with even greater force' when … a broad arbitration clause is at issue." *Id.*

The arbitration provision in this case contains broad language requiring arbitration of "any and all disputes arising out of or concerning" the Partition Agreement. (Dkt. No. 7, Ex. 1 at 5 ¶ 10(h).) Defendants' claims related to water rights clearly fall within the scope of this arbitration provision. Plaintiffs contend that these claims are not subject to arbitration as a result of the merger clause in the Water Rights Agreement. However, the subject matter of the Water Rights Agreement pertains only to the amounts of water owned by each party, and the court finds no evidence that the Water Rights Agreement should be more broadly construed. Conversely, the scope of the Partition Agreement covers *access* to the water rights. Because the remaining water-related claims in Defendants' Demand for Arbitration allege that Plaintiffs are hindering Defendants' access to water, these claims are subject to arbitration under the Partition Agreement.

Similarly, Defendants' other claims at issue in this matter, including Defendants' claims for lost profits and false light, "aris[e] out of or concern[]" the Partition Agreement. The wording of the arbitration provision is broad. The court finds that the claims at issue in Plaintiffs' Complaint and Defendants' Demand for Arbitration are subject to arbitration under the Partition

Agreement. *See Chelsea Family Pharmacy, PLLC v. Medco Health Sols., Inc.,* 567 F.3d 1191, 1199 (10th Cir. 2009).

Plaintiffs also argue that Defendants failed to initiate the arbitration proceedings in the manner required by the Partition Agreement's arbitration provision. The Partition Agreement clearly provides that the arbitration must take place before a single arbitrator mutually agreed upon by the parties. (*See* Dkt. No. 7, Ex. 1 at 5 ¶ 10(h).) Defendants unilaterally selected Mark Goldman to arbitrate without first coming to an agreement with Plaintiffs. Defendants argue that Plaintiffs waived their rights to object to arbitration and the arbitrator by participating in the arbitration process for several months. It is true that the "usual rules regarding waiver and estoppel apply to prevent a party from complaining about the enforceability of an arbitration agreement if he already has fully participated in arbitration without any relevant objection." *Lewis v. Circuit City Stores, Inc.,* 500 F.3d 1140, 1149 (10th Cir. 2007). However, apart from several communications between parties' counsel referencing potential future arbitration, Defendants offer no evidence that Plaintiffs *fully* participated in arbitration in this matter before filing their Complaint. For these reasons, the court finds that Plaintiffs did not waive their right to object to the arbitration proceedings and that Defendants' unilateral selection of an arbitrator was invalid under the language of the Partition Agreement. Going forward with the ongoing arbitration proceedings in Arizona, Defendants must comply with the plain terms of the arbitration provision and confer with Plaintiffs to select a single arbitrator "mutually agreed to by the Parties in their reasonable discretion."

## CONCLUSION

After reviewing the papers and records on file, and based on the foregoing reasons, this court finds that the disputed claims are subject to arbitration under the Partition Agreement

between the parties. Accordingly, Defendants' Motion to Dismiss and Compel Arbitration (Dkt. No. 14) is hereby GRANTED in part, and IT IS SO ORDERED that this entire matter is referred to arbitration and stayed until that arbitration has been concluded. Plaintiffs' Motion to Determine Scope of Arbitration Provision and To Compel Compliance With Procedures For Selection of Arbitrator (Dkt. No. 7) is DENIED in part, and GRANTED only to the extent that Defendants must comply with the method of arbitration described in the Partition Agreement. Specifically, IT IS SO ORDERED that Defendants must confer with Plaintiffs to select a single arbitrator who is mutually agreed to by the parties in their reasonable discretion, in accordance with the terms of the Partition Agreement.

DATED this 30th day of January, 2020.

BY THE COURT:

_Dee Benson_
Dee Benson
United States District Judge